## RUFUS SMITH *v.* THE STATE.

INFORMATIONS. — The venue of the offense charged by an information must be alleged in the affidavit on which the information is based. If not alleged in the affidavit, the information is necessarily bad, notwithstanding it alleges the venue of the offense.

APPEAL from the County Court of Colorado. Tried below before the Hon. J. W. JOHNSON, County Judge.

The information did, though the affidavit did not, allege that the offense was committed in the county of Colorado.

*Foard & Thompson*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. It appears from the record that appellant was indicted in the District Court, at its February term, 1876, for theft, and that by regular order of the court the case was transferred to the County Court. After reaching this latter court the indictment was lost. Instead of proceeding under the statute, to supply the lost indictment (Pasc. Dig. art. 2873), the county attorney procured the affidavit of the owner of the plow alleged to have been stolen, and upon that based an information against the defendant. This information, it seems, was quashed upon motion of the defendant. A second affidavit was made by the owner, as follows, to wit:

" *The state of Texas, county of Colorado:*

"Personally before the undersigned authority this day came A. L. Townsend, who, after being by me duly sworn, deposes and says that one Rufus Smith, late of said county and state, with force and arms, did, on the 31st day of January, 1876, fraudulently and feloniously steal, take, and carry away from the possession of the affiant one plow, of the value of eleven dollars, the property of affiant, without his knowledge or consent, with the fraudulent and felonious intent to deprive the said owner of the value of the same, and to appropriate the same to his, the said Rufus Smith's, own use and benefit; contrary to law and against the peace and dignity of the state.

[Signed]                         "A. L. Townsend."

"Sworn to and subscribed before me, this the 2d day of April, 1877.

[Signed]                         "L. J. Logue,

"*County Attorney, Colorado County, Texas.*"

On May 7th, following, the county attorney filed his second information, based upon this second affidavit. Defendant was tried on June 4, 1877, found guilty, and his punishment affixed at a fine of $100, and imprisonment for thirty days in the county prison. From that judgment of conviction this appeal is taken.

The judgment will have to be reversed and the case dismissed because the complaint upon which the information is based, and which we have correctly copied above, is fatally defective in that it does not allege that the offense was committed in Colorado County. The statute prescribing the requisites of a complaint reads as follows: "Said complaint shall state the name of the accused, if his name is known; and the offense of which he is charged shall be stated in plain and intelligible words; *and it must appear that the offense was committed in the county where the com-*

*plaint was filed;* and the complaint must show from the date' of the offense stated therein that the offense is not barred by limitation." Acts Fifteenth Legislature, 87, sec. 13. The information is, and must be, based upon the complaint; and, if the complaint is fatally defective, it follows that the information cannot stand. *Davis* v. *The State*, 2 Texas Ct. App. 184; *Daniels* v. *The State*, 2 Texas Ct. App. 353; Gen. Laws Fifteenth Legislature, 20, sec. 8.

The judgment of the lower court is reversed and the case is dismissed.

*Reversed and dismissed.*